# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL FETTE and BERRIEN COUNTY BOARD OF PUBLIC WORKS,

Plaintiffs/Counter-Defendants-Appellants/Cross-Appellees,

V

PETERS CONSTRUCTION CO.,

Defendant/Counter-Plaintiff-Appellee/Cross-Appellant.

FOR PUBLICATION
May 21, 2015
9:00 a.m.

No. 320803
Berrien Circuit Court
LC No. 13-000288-CZ

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this contract dispute, plaintiffs, Daniel Fette and the Berrien County Board of Public Works, appeal as of right from the trial court's order confirming an arbitrator's award of approximately $45,300 in favor of defendant. Defendant, Peters Construction Co., cross-appeals from that same order. We affirm.

## I. BASIC FACTS

Defendant and plaintiffs entered into a contract for a construction project, which included installing a water main underneath railroad tracks. During the project, defendant encountered some "unforeseen subsurface conditions" that, according to it, were not anticipated in the agreement and required extra expense in completing the job. Defendant tried to get plaintiffs to agree to pay this extra amount, but plaintiffs declined. Citing the arbitration clause in the contract,[1] defendant filed a claim for arbitration.[2]

---

[1] ¶ 30.1 All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20 shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the

-1-

On February 12, 2013, the arbitrator issued a scheduling order, which provided that the parties would exchange witness lists and proposed exhibits by March 8, 2013. On March 8, 2013, defendant (the claimant) submitted electronic copies of its 19 exhibits to the arbitrator and to plaintiffs. On that same day, plaintiffs (respondents) also submitted their electronic copies of their exhibits to the arbitrator and to defendant. Plaintiffs submitted 19 exhibits as well, and while most of the exhibits matched those submitted by defendant, a few were different.

The arbitration hearing eventually was held on August 12, 2013. At the hearing, defendant did not formally offer into evidence its previously submitted exhibits. Instead, defendant called two witnesses, one of which was disallowed by the arbitrator for lack of personal knowledge. After which, defendant closed its case. Plaintiffs then took testimony from their witnesses and formally submitted their previously disclosed exhibits to the arbitrator.

The parties did not request a reasoned award; therefore, as is not unusual in arbitrations, the arbitrator made no findings of fact or conclusions of law in the award. See *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 555; 682 NW2d 542 (2004), citing *DAIIE v Gavin*, 416 Mich 407, 428; 331 NW2d 418 (1982). Instead, the award, in pertinent part, simply provided that "Respondents shall pay to Claimant Forty Five Thousand Three Hundred One Dollar and Twelve Cents ($45,301.12)."

On October 11, 2013, plaintiffs filed the instant lawsuit in circuit court, seeking to vacate the arbitration award. On November 12, 2013, defendant filed a counter-claim, seeking to confirm the award. On November 25, 2013, plaintiffs filed an amended complaint, and on December 4, 2013, defendant filed an amended counter-claim.

In their amended complaint, plaintiffs alleged that the award should be vacated because the arbitrator exceeded his authority and because the arbitrator conducted a hearing that substantially prejudiced their rights. The basis for both of these allegations was that while defendant identified its *proposed* exhibits in accordance with the arbitrator's scheduling order, it never actually *submitted those exhibits at the hearing*. As a result, plaintiffs averred that, with defendant presenting no evidence in support of its claim, the arbitrator could not as a matter of law find for defendant.

Defendant argued that there were no legal grounds to vacate the award and, as a result, sought sanctions for plaintiffs' alleged frivolous action.

The trial court denied plaintiffs' request to vacate the award and, instead, granted defendant's request to confirm the award. The trial court noted that defendant did supply evidence at the arbitration hearing in the form of testimony from its one witness and that it was prohibited from evaluating the merits of the arbitrator's decision. The trial court also noted that the arbitrator is vested with discretion to direct the order of proofs at the hearing. Moreover, the

---

prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

[2] At the arbitration proceeding, defendant prosecuted its claim pro se, which is common in the construction industry.

trial court noted that plaintiffs' main argument—that the arbitrator must have based the amount of damages on documents submitted outside the presence of the parties—must fail because even if the court were not precluded from speculating on the reasons for the arbitrator's decision, the arbitrator *had* evidence of damages from the evidence submitted by plaintiffs. However, the court denied defendant's request for sanctions, finding that plaintiffs presented a good-faith argument.

After the amended complaint was filed, but before the trial court ruled on the disposition of the case, plaintiffs issued a subpoena for the deposition of Douglas Needham. Needham was employed by the Michigan Infrastructure & Transportation Association (MITA), a construction trade association, and was at the arbitration hearing in Berrien County assisting defendant. When questioned by defendant about what purpose deposing Needham would accomplish, plaintiffs responded, "We want to establish Mr. Needham's version of what occurred at the arbitration hearing."

Defendant moved to quash the subpoena on two grounds. Defendant first relied on MCR 2.305(C)(1), which provides that a person may be required to attend a deposition "in the county where the deponent resides, is employed, or transacts business in person, or at another convenient place specified by order of the court." Defendant explained that Needham did not reside in Berrien County and does not transact business in Berrien County "in person." Defendant also relied on MCR 2.305(A)(4) and MCR 2.302(C), which allow for a protective order to be issued if the deposition would result in "undue burden or expense." Defendant claimed that since Needham's version of what transpired at the arbitration hearing would have no bearing on the disposition of the case, it clearly would subject him to an undue burden or expense.

The trial court agreed with defendant and quashed the subpoena. The court explained, in part, that because there was no real dispute regarding the fact that defendant never submitted its exhibits at the arbitration hearing, Needham's testimony would not "add" anything to plaintiffs' defense against confirming the arbitration award.

## II. PLAINTIFFS' APPEAL

## A. ARBITRATION AWARD

While we review a trial court's decision to vacate or enforce an arbitration award de novo, judicial review of an arbitration award nonetheless is extremely limited. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009).

> "A court may not review an arbitrator's factual findings or decision on the merits. Rather, a court may only decide whether the arbitrator's award 'draws its essence' from the contract. If the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the contract, judicial review effectively ceases." [*Police Officers Ass'n of Mich v Manistee Co*, 250 Mich App 339, 343; 645 NW2d 713 (2002) (citation omitted).]

The parties do not dispute that the arbitration here was statutory arbitration because the contract specified that "[t]he award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof." See *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991) (stating that where an arbitration agreement provides that judgment may be entered on the arbitration award, it falls within the definition of statutory arbitration).

The Michigan Arbitration Act (MAA), MCL 600.5001 *et seq.*, was repealed by our Legislature pursuant to 2012 PA 370 and replaced by the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq.*, which was enacted pursuant to 2010 PA 371. The repeal of the MAA and the enactment of the UAA became effective July 1, 2013. See 2012 PA 370 and 371. While the UAA provides that it "governs an agreement to arbitrate whenever made," MCL 691.1683(1), it also provides that "[t]his act does not affect an action or proceeding commenced . . . before this act takes effect," MCL 691.1713. Consequently, because defendant filed its claim for arbitration before July 1, 2013, the arbitration proceeding was commenced before July 1, 2013, and the UAA does not apply. Instead, the MAA continued to govern the proceeding.

MCL 600.5021 of the MAA provided that "arbitration shall be conducted in accordance with the rules of the supreme court." In turn, MCR 3.602(J)(2), provides the following:[3]

On motion of a party, the court shall vacate an award if:

(a) the award was procured by corruption, fraud, or other undue means;

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

Plaintiffs moved to vacate the arbitration award based on violations of MCR 3.602(J)(2)(c) and (d). Plaintiffs alleged that the arbitrator exceeded his powers by failing to adhere to the Construction Industry Arbitration Rules of the American Arbitration Association (AAA), which the parties' contract specified would be followed at the arbitration proceeding. Specifically, plaintiffs claimed that the arbitrator violated rules of the AAA by considering evidence that was not presented at the hearing, which resulted in the hearing being conducted in this manner that prejudiced their rights.

Two rules, Rule 32 and Rule 33, of the AAA are implicated, and they provide the following, in pertinent part:

---

[3] Even though MCR 3.602 was amended in 2014, the content of MCR 3.602(J) was unaffected.

R-32.  Conduct of Proceedings

(a) The claimant shall present evidence to support its claim.  The respondent shall then present evidence supporting its defense.  Witnesses for each party shall also submit to questions from the arbitrator and the adverse party.  The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

(b) The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view toward expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on the issues the decision of which could dispose of all or part of the case.

When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including video conferencing, internet communication, telephonic conferences and means other than an in-person presentation.  Such alternative means must still afford a full opportunity for all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and when involving witnesses, provide that such witness submit to examination.

\* \* \*

R-33.  Evidence

(a) The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute.  Conformity to legal rules of evidence shall not be necessary.

(b) The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered.  The arbitrator may request offers of proof and may reject evidence deemed by the arbitrator to be cumulative, unreliable, unnecessary, or of slight value compared to the time and expense involved.  All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where: 1) any of the parties is absent, in default, or has waived the right to be present, or 2) the parties and the arbitrators agree otherwise.

Plaintiffs' claims must fail for several reasons.  First, the record does not support plaintiffs' primary contention that the arbitrator considered the exhibits that defendant electronically shared before the hearing in making its award determination.  Plaintiffs fail to appreciate that (1) the arbitrator could have relied on the testimony of defendant's sole witness at

the hearing[4] and (2) the arbitrator could have relied on the evidentiary documents that plaintiffs admitted at the hearing. Plaintiffs do not dispute that most of the exhibits they submitted at the hearing were the same ones that defendant identified as its proposed exhibits. Thus, there was properly submitted evidence that the arbitrator could have considered in making its award in favor of defendant. We also note that even if the award was against the great weight of evidence or was not supported by substantial evidence, this Court would be precluded from vacating the award. *Donegan v Mich Mut Ins Co*, 151 Mich App 540, 549; 391 NW2d 403 (1986); see also *Washington*, 283 Mich App at 675 ("It is simply outside the province of the courts to engage in a fact-intensive review of how an arbitrator calculated values, and whether the evidence he relied on was the most reliable or credible evidence presented.").

Second, assuming arguendo that the arbitrator did consider the exhibits that defendant presented before the hearing as evidence, plaintiffs cannot show how Rule 32 was violated. Rule 32 clearly affords the arbitrator with discretion in allowing parties to present evidence "by alternative means," as long as the parties were still afforded "a full opportunity . . . to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute." Accordingly, allowing the parties to electronically submit evidence before the hearing would be acceptable as long as the process did not adversely affect the parties' ability to present relevant evidence. Here, allowing the parties to electronically submit evidence prior to the hearing did nothing to affect plaintiffs' ability to present any evidence they desired. In fact, plaintiffs also submitted their exhibits this way, and plaintiffs also submitted evidence in the form of exhibits and witness testimony at the hearing itself.

Third, again assuming arguendo that the arbitrator considered defendant's exhibits as being admitted into evidence, plaintiffs cannot show how Rule 33 was violated. As already mentioned, Rule 32 expressly allows for the presentation of evidence "by alternative means." Rule 33 states in pertinent part that "[a]ll evidence shall be taken in the presence of all of the arbitrators and all of the parties." Thus, in addition to the requirements in Rule 32 for allowing evidence being presented by alternative means, any such evidence also must be "taken in the presence of all of the arbitrators and all of the parties." Here, in their pre-hearing submission of exhibits, both sides provided copies to the opposing parties. Consequently, the arbitrator could have viewed these submissions as being "in the presence" of the other parties. Because arbitrators are "comparatively more expert about the meaning of their own rule[s]," arbitrators, and not the courts, should resolve procedural matters. *Gregory J Schwartz & Co Inc v Fagan*, 255 Mich App 229, 232; 660 NW2d 103 (2003), citing *Howsam v Dean Witter Reynolds, Inc*, 537 US 79, 85; 123 S Ct 588; 154 L Ed 2d 491 (2002). Furthermore, the essence of this process already is approved in the rules, under Rule 34(b), where it allows for the filing and transmitting of other evidence after a hearing as long as the parties had an opportunity to examine and respond to such evidence. Although Rule 34 does not apply here because the evidence was submitted before the hearing and not after it, it still demonstrates that the AAA considered the

---

[4] Of course, there is no transcript of the hearing, so the content of the testimony is unknown. Even if the testimony were known, we would be prohibited from questioning the sufficiency or reliability of the evidence. See *Washington*, 283 Mich App at 675.

process of filing exhibits electronically, i.e., outside the physical presence of the opposing party, as long as the other party was aware of it, as being fair and acceptable.

In sum, because plaintiffs have failed to establish any procedural error at the arbitration hearing, they likewise have failed to demonstrate how the arbitrator exceeded his powers or how the hearing was conducted in a manner that substantially prejudiced their rights. MCR 3.602(J)(2)(c) and (d). Therefore, the trial court properly denied plaintiffs' motion to vacate the arbitration award. We note that because plaintiffs failed to establish the presence of any procedural error, we express no opinion on whether plaintiffs would have been entitled to the award being vacated if such a procedural error had existed at the arbitration hearing.

## B. QUASHING OF SUBPOENA

Plaintiffs next argue that the trial court erred when it quashed their subpoena to have Needham deposed. We review a trial court's decision to quash a subpoena for an abuse of discretion. See *Castillon v Roy*, 412 Mich 873, 873; 312 NW2d 655 (1981); *Ghanam v Does*, 303 Mich App 522, 530; 845 NW2d 128 (2014); *Chastain v Gen Motors Corp*, 254 Mich App 576, 593; 657 NW2d 804 (2002). A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A trial court's findings of fact, however, are reviewed for clear error. *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008).

"Michigan follows a policy of open and broad discovery." *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 260; 833 NW2d 331 (2013). Parties are permitted discovery to "any matter, not privileged, that is relevant to the subject matter involved in the pending claim." *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011) (quotation marks omitted). Despite this broad discovery policy, courts are empowered to limit excessive, abusive, or irrelevant discovery requests. *Cooley Law Sch*, 300 Mich App at 260-261. Pursuant to MCR 2.302(C)(1), a party may move the trial court for a protective order to disallow the discovery:

> On motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following orders:
>
> (1) that the discovery not be had.

At the trial court, plaintiffs sought the deposition of Needham, who assisted defendant at the arbitration hearing. After hearing arguments from the parties, the trial court found that Needham did not have "anything to add to the defense of the motion to compel" and quashed the subpoena. The trial court did not clearly err in making this finding. The crux of plaintiffs' position was that defendants never submitted their exhibits at the arbitration hearing. Plaintiffs apparently wanted Needham to confirm this at this deposition. However, the parties never

seriously disputed that this is what occurred.[5] Defendants admitted that they presented their exhibits before the hearing took place. As a result, while it is clear that Needham had relevant information related to how the evidence was admitted at the hearing, this information was already known by plaintiffs since they also were present at that very same hearing. We therefore conclude that, with plaintiffs already possessing first-hand knowledge of what transpired at the arbitration hearing, the court did not clearly err in finding that having Needham go through a deposition would have constituted "annoyance, embarrassment, oppression, or undue burden or expense."[6] Consequently, the trial court did not abuse its discretion in quashing the subpoena.

## III. DEFENDANT'S CROSS-APPEAL

Defendant argues in its cross-appeal that the trial court erred in failing to award it attorney fees and costs as sanctions pursuant to MCR 2.114 for those fees and costs incurred as a result of defending against plaintiffs' complaint to vacate the arbitration award.[7] We review a trial court's decision on a request for sanctions under MCR 2.114 for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). But the trial court's factual findings are reviewed for clear error. *Id.* at 423. A finding is clearly erroneous if, after a review of the record, this Court is left with a definite and firm conviction that a mistake was made. *Univ Rehab Alliance, Inc v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 691, 693; 760 NW2d 574 (2008).

"MCR 2.114 concerns the execution of court documents and applies to all pleadings, motions, affidavits, and other papers mandated by the court rules." *Sprenger*, 307 Mich App at 423. The rule provides, in pertinent part:

(D) The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the document;

---

[5] On appeal, plaintiffs reference how defendant's answer to the amended complaint disavowed many allegations that it never submitted its exhibits at the hearing, but the trial court noted how these responses were spurious and instead deemed the responses as admissions. As such, the allegations by plaintiffs were admitted, and defendant never appealed that determination. Regardless, the parties in presenting their arguments to the trial court and to this Court do not dispute that defendant never offered any exhibits into evidence at the arbitration hearing.

[6] We note that the trial court never made this explicit finding, but we conclude that such a finding was implicitly made when it stated that Needham did not have "anything to add" and granted defendant's motion to quash.

[7] At the trial court, defendant also had requested attorney fees under MCL 691.1705, but it does not rely on that statute on appeal. Therefore, only the issue with respect to MCR 2.114 is before us.

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) If a document is signed in violation of this rule, the court, on the motion of a party or on its own imitative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(F) In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

As this Court has stated, "[s]anctions are warranted under MCR 2.114 where a plaintiff asserts claims without any reasonable basis in law or fact for those claims, or where the claims are asserted for an improper purpose." *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008); see also MCL 600.2591. In determining whether a claim was frivolous, courts look at the circumstances at the time the claim was asserted. *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003).

In declining to award sanctions in favor of defendant, the trial court found that plaintiffs' claim to vacate the arbitration award was founded on "a good faith argument for clarification of the law where there is no clear appellate law on the scope of review of procedural issues." We are not left with a definite and firm conviction that the trial court erred in determining that plaintiffs' claim was not frivolous. It is well established that the lack of clear appellate law can be a basis to bring a claim in good faith. *Schroeder v Terra Energy, Ltd*, 223 Mich App 176, 195; 565 NW2d 887 (1997). Here, there is no question that the ramifications regarding the type of procedural abnormality that plaintiffs alleged to have taken place at the arbitration hearing are not adequately addressed in any prior caselaw. We note that even though plaintiffs' attempt to vacate the arbitration award ultimately was unsuccessful, it does not mean that plaintiffs' position was not based on "good-faith argument." See *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002).

## IV. DEFENDANT'S REQUEST FOR APPELLATE ATTORNEY FEES

Although not part of its cross-appeal, defendant requests to be awarded its costs and attorney fees that were incurred on appeal as sanctions.

Defendant first requests these costs and fees pursuant to MCL 600.2591, which provides in pertinent part, the following:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

Contrary to defendant's assertion, the above statute does not allow for an award of appellate costs and attorney fees. As this Court has already held, "it is inappropriate to expand the scope of . . . MCL 600.2591 . . . to cover costs, including attorney fees, incurred on appeal . . . ." *DeWald v Isola*, 188 Mich App 697, 703; 470 NW2d 505 (1991).

The *DeWald* Court's holding is supported by the plain language of MCL 600.2591, which makes it clear that it only applies to "civil actions." Because a "civil action" relates to the filing of a complaint, see MCR 2.101, an appeal from the circuit court to this Court is not a "civil action." In adopting the reasoning of the United States Supreme Court in the context of the Federal Rules of Civil Procedure, the *DeWald* Court agreed that provisions like MCL 600.2591 are " 'more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, *those at the trial level*.' " *Id.* at 701 (emphasis added), quoting *Cooter & Gell v Hartmarx Corp*, 496 US 384, 406; 110 S Ct 2447; 110 L Ed 2d 359 (1990). In other words, any expenses incurred on appeal cannot fairly be attributed to the filing of a frivolous complaint in the circuit court. *DeWald*, 188 Mich App at 703.

Defendant's reliance on *Edge v Edge*, 299 Mich App 121; 829 NW2d 276 (2012), for suggesting something different is misplaced. The Court in *Edge* never stated that MCL 600.2591 could be used to recover appellate attorney fees. First, the Court favorably cited to *DeWald*, where it stated that the only provisions allowing recovery of appellate costs and attorney fees were MCR 7.219, MCR 7.326(C), and MCL 600.2445. *Id.* at 132, citing *DeWald*, 180 Mich App at 699-700. Second, the Court, in pointing out that MCL 600.2591 only permitted "the court that conduct[ed] the civil action" to award costs and fees, did not do so to indicate that a party could invoke this statute at this Court. Instead, the *Edge* Court simply was pointing out that *in addition* to MCL 600.2591 not being applicable because appellate expenses were not incurred in response to a filing of a frivolous complaint, the statute clearly does not allow another court (in that case, the circuit court) to award costs that were incurred in a different court (the Court of Appeals). *Edge*, 299 Mich App at 134. Again, *Edge* did not state that a party could invoke MCL 600.2591 to claim costs and attorney fees at this Court as long as the request was made at this Court. In fact, the *Edge* Court went on to explain that such appellate sanctions only "must be considered by this Court under MCR 7.216." *Id.* at 135.

Defendant next claims that it is entitled to these appellate costs and attorney fees and punitive damages under MCR 7.216(C). While MCR 7.216(C) does allow for this Court to award "actual and punitive damages . . . when it determines that an appeal or any of the proceedings in an appeal was vexatious," the court rule requires that a party seeking these damages must file a motion pursuant to MCR 7.211(C)(8). And pursuant to MCR 7.211(C)(8),

> A party's request for damages or other disciplinary action under MCR 7.216(C) must be contained in a motion filed under this rule. A request that is contained in any other pleading, including a brief filed under MCR 7.212, will not constitute a motion under this rule.

Therefore, because defendant made its request for damages in its brief on appeal and not in a separate motion, the request is ineffectual. See *Barrow v Detroit Election Comm'n*, 305 Mich App 649, 684; 854 NW2d 489 (2014). However, MCR 7.211(C)(8) goes on to provide that a party may file such a motion "at any time within 21 days after the date of the order or opinion that disposes of the matter that is asserted to have been vexatious." Therefore, defendant's request is denied without prejudice.

Affirmed. Neither party having prevailed in full, no costs may be taxed. MCR 7.219.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause