# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMMED A. MUMITH,

      Plaintiff/Counter-Defendant-
      Appellant,

v

MOHAMMED A. MUHITH,

      Defendant/Counter-Plaintiff-
      Appellee.

UNPUBLISHED
June 14, 2018

No. 337845
Wayne Circuit Court
LC No. 13-014104-CZ

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order denying his motion to vacate a binding arbitration award and granting a motion by defendant to confirm the award. Plaintiff contends on appeal that (1) the arbitration panel made an error of law that affected the outcome of the case, (2) the trial court was required, but failed, to vacate the arbitration award based upon that error of law, and (3) the arbitration award did not resolve the central issue in the case—title to real property. We affirm.

On October 29, 2013, plaintiff filed this lawsuit seeking the assessment of damages against defendant, his brother, for allegedly trespassing on a self-service carwash located in Detroit that was owned by plaintiff, and for breach of contractual and fiduciary duties. Plaintiff alleged that in mid-2012, plaintiff established M & M Auto Wash LLC (M & M), and subsequently purchased the self-service carwash for $110,000 doing business as M & M. Plaintiff appointed defendant as his agent to run the carwash, and instructed defendant to pay himself a salary from funds generated by M & M and tender any excess funds to plaintiff as profits. After defendant failed to tender any funds to plaintiff, and after defendant declined to cease operation of the carwash, plaintiff filed this case.

Defendant gave a different rendition of the facts. Defendant contended that he established M & M in 2011, and that he purchased the carwash at that time for $140,000. Defendant then put $60,000 of work into the property. However, while defendant was out of the country in 2012, plaintiff deceptively created an LLC bearing the M & M name and convinced an agent of defendant to transfer title of the carwash to plaintiff's LLC. As part of his answer to plaintiff's complaint, defendant counterclaimed to quiet title to the property.

-1-

On July 9, 2015, the trial court entered a stipulated order for binding arbitration containing the following provision:

> IT IS HEREBY ORDERED AND ADJUDGED that the parties will engage in binding arbitration, pursuant to MCR 3.602 and MCL 691.1681 et seq. The Plaintiff will select an arbitrator; the Defendant will select an arbitrator; and the two arbitrators will select the third arbitrator.

The parties went through the arbitration process, and on August 3, 2016, a written arbitration award was issued by a majority of the arbitration panel awarding "no cause of action" in favor of defendant. One of the arbitrators dissented.

The arbitration panel majority found that defendant was the owner of the carwash, that the parties agreed about that fact, and that the only real controversy was whether plaintiff also had an ownership interest. As such, plaintiff bore the burden of proof to establish by a preponderance of the evidence that he supplied money to defendant to assist in purchasing the carwash. Noting that the evidence was near equipoise, because plaintiff bore the burden of proof, the majority found that there was "no evidence that would support or sustain a finding that [plaintiff had] an interest in the car wash." Accordingly, defendant was awarded a judgment of "no cause of action." The dissenting arbitrator agreed with the majority as to the applicable burden of proof, but contended that plaintiff established co-ownership of the carwash by a preponderance of the evidence.

On September 23, 2016, defendant filed a motion to confirm the arbitration award with the trial court, and on October 7, 2016, plaintiff filed a motion to vacate the award. Plaintiff contended that the arbitrators exceeded their authority by making a determination based upon an error of law. The trial court disagreed, and issued an order on March 20, 2017, granting defendant's motion to confirm the award and denying plaintiff's motion to vacate the award. Plaintiff now appeals that order.

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). However, "[w]hile we review a trial court's decision to vacate or enforce an arbitration award de novo, judicial review of an arbitration award nonetheless is extremely limited." *Fette v Peters Const Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015). "Indeed, as the United States Court of Appeals for the Sixth Circuit declared, '[a] court's review of an arbitration award "is one of the narrowest standards of judicial review in all of American jurisprudence." ' " *Washington*, 283 Mich App at 671 n 4, quoting *Way Bakery v Truck Drivers Local No 164*, 363 F3d 590, 593 (CA 6, 2004), quoting *Tennessee Valley Auth v Tennessee Valley Trades & Labor Council*, 184 F3d 510, 514 (CA 6, 1999).

In this case, the parties agreed to binding arbitration pursuant to MCR 3.602 and the Uniform Arbitration Act, MCL 691.1681 et seq., via a stipulated order entered by the trial court. MCL 691.1703 provides that an arbitration award shall be vacated by a court upon motion of a party where:

(a) The award was procured by corruption, fraud, or other undue means.

-2-

(b) There was any of the following:

(*i*) Evident partiality by an arbitrator appointed as a neutral arbitrator.

(*ii*) Corruption by an arbitrator.

(*iii*) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding.

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15, so as to prejudice substantially the rights of a party to the arbitration proceeding.

(d) An arbitrator exceeded the arbitrator's powers.

(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 15(3) not later than the beginning of the arbitration hearing.

(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 so as to prejudice substantially the rights of a party to the arbitration proceeding.  [MCL 691.1703(1) (footnotes omitted).]

MCR 3.602(J) in turn provides that, upon the motion of a party, a trial court shall vacate an arbitration award where:

(a) the award was procured by corruption, fraud, or other undue means;

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.  [MCR 3.602(J)(2).]

Plaintiff focuses on MCL 691.1703(1)(d) and MCR 3.602(J)(2)(c), contending that the trial court was required to vacate the arbitration award after it was shown that the arbitrators exceeded their powers by making an error of law.

An arbitrator may exceed his or her powers by making a material error of law that substantially affects the outcome of the arbitration.

In order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different.  Any such error must be readily apparent on the face

-3-

of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune to review altogether. [*Eppel v Eppel*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket Nos. 335653 and 335775); slip op at 5 (internal quotation marks and citations omitted).]

"For the most part, arbitrators are concerned with factfinding," and thus, "[q]uestions of law are not primarily or even ordinarily within the province of arbitration." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 444; 331 NW2d 418 (1982). At the same time, "[a] court may not review an arbitrator's factual findings or decision on the merits." *Fette*, 310 Mich App at 541 (quotation marks and citation omitted). Even where an arbitration award is against the great weight of the evidence or unsupported by the evidence, "this Court [is] precluded from vacating the award." *Id*. at 544-545. "It is simply outside the province of the courts to engage in a fact-intensive review[.]" *Washington*, 283 Mich App at 675. Accordingly, "an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

Plaintiff primarily contends that the arbitration panel's majority incorrectly found that plaintiff bore the burden of proof, which affected the outcome of the arbitration. Plaintiff further contends that the trial court failed to recognize the error of law, and thus, failed to vacate the arbitration award. We disagree.

The arbitrators made an explicit factual finding that defendant was the owner of the carwash, that the parties *agreed* to that fact, and that, therefore, the overall controversy was "whether [plaintiff] ha[d] an ownership interest." The arbitrators believed that the burden of proof to establish that plaintiff was a co-owner of the property belonged to him, and after having already found defendant to undoubtedly have been the owner of the property, we can find no error apparent on the face of that decision. Moreover, it is worth noting that the dissenting arbitrator agreed that plaintiff bore the burden of proof. That arbitrator dissented only because she disagreed with the other two arbitrators' application of the evidence, an issue squarely outside the realm of appellate review. See *Fette*, 310 Mich App at 541. Notwithstanding, plaintiff's brief on appeal asks this Court in multiple places to reinterpret the facts provided at arbitration, determine the credibility of witnesses, and weigh documentary evidence. We decline to review whether the facts and evidence supported the arbitrators' finding that defendant owned the carwash and plaintiff did not. We simply note that, given that finding, the arbitrators' did not err in determining plaintiff bore the burden to prove otherwise.

Plaintiff next contends that defendant must have borne the burden regarding ownership because it was defendant who sought to quiet title before the trial court. Plaintiff has not provided law that would establish that, when the parties agreed to submit to binding arbitration, the form in which the complaint and counterclaim existed before the trial court and the burdens of proof attached to each count would cleanly apply at arbitration. As the trial court noted, it is impossible to tell what claims were presented at arbitration and in what form, and thus, whether defendant would have borne the burden of proof in his quiet title action was immaterial to the arbitration proceedings. Moreover, following plaintiff's logic, it was plaintiff who filed the original 12-count complaint, and almost all of the counts relied upon a factual assumption that

plaintiff was the proper owner of the carwash.  Thus, to succeed on his claims, plaintiff would have necessarily been required to establish that he was the proper owner of the carwash.

Plaintiff lastly contends that, to the extent the arbitrators applied the correct burden, the award necessarily could not have resolved the title issue, and because the issue was central to the case, plaintiff was entitled to a rehearing.  However, it is inarguable from the language of the arbitration award that the award *did* resolve the issue of title.  The arbitrators explicitly found that defendant was the owner of the carwash, and that plaintiff failed to establish that he had any ownership interest in the same.

Accordingly, plaintiff has failed to establish an error of law apparent from the face of the arbitration award, and neither provides nor applies any law to suggest the award could be vacated on any other grounds.

Affirmed.  Defendant is entitled to costs as the prevailing party.  MCR 7.219(A).


/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood