*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LORI J. PASCOE,

    Plaintiff-Appellant,

v

CRAIG M. PASCOE,

    Defendant-Appellee.

UNPUBLISHED
April 14, 2022

No. 356477
Oakland Circuit Court
LC No. 2017-858869-DM

Before: BORRELLO, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals by right a judgment of divorce and uniform spousal support order that effectuated an arbitration award. On appeal, plaintiff argues that the trial court erred when it denied her motion to vacate the arbitration award. Plaintiff challenges the trial court's determination that the motion was untimely. Plaintiff also contends that even if the motion was untimely, the trial court should have found that it was late as a result of excusable neglect. The trial court, despite concluding that the motion was untimely, substantively ruled on plaintiff's assertion that the arbitration award should be vacated. The court rejected plaintiff's claims that the arbitrator exceeded his authority and violated controlling Michigan law (1) by relying on pure speculation when imputing income to plaintiff, (2) by solely considering defendant's base salary when awarding plaintiff spousal support, and (3) by dividing the parties' property in a manner that left plaintiff with less than she required to meet her basic needs. Plaintiff challenges the trial court's ruling on those three matters. We affirm.

This is a divorce action that involved a large marital estate and was resolved through arbitration. The arbitrator issued an arbitration award on April 3, 2020, awarding plaintiff $3,500 in monthly spousal support and dividing the parties' assets, which included numerous financial accounts, business interests, and parcels of real property. On May 4, 2020, plaintiff filed a motion to correct errors and omissions in the arbitration award, and defendant did the same on May 7, 2020. On June 3, 2020, the arbitrator issued a decision with respect to the alleged errors and omissions submitted by the parties, leaving the arbitration award largely unchanged. The arbitrator did reserve jurisdiction over the division of five marital assets for 60 days following entry of a

judgment of divorce because issues concerning those assets had not been presented to the arbitrator before the parties had submitted their motions to correct errors and omissions.

On June 18, 2020, plaintiff's attorney moved to withdraw as counsel, which was granted by the arbitrator on June 23, 2020, and confirmed by the trial court on June 26, 2020. Plaintiff retained new counsel, who entered his appearance on July 2, 2020. Two months later, on September 2, 2020, plaintiff moved to vacate the arbitration award under MCR 2.612 and MCR 3.602(J). Despite the 21-day period in which to file such a motion, MCR 3.602(J)(3), plaintiff asserted that the motion was timely because the arbitrator had not yet issued a final decision on all matters. Plaintiff also argued that the trial court should consider the motion on the basis of excusable neglect because original counsel withdrew as plaintiff's attorney just six days before the motion to vacate needed to be filed. Plaintiff further contended that the arbitrator exceeded his authority by imputing an income of $35,000 to plaintiff, by calculating defendant's income at $200,000, and by failing to consider plaintiff's needs in the division of assets. The trial court denied plaintiff's motion, ruling that it was untimely under MCR 3.602(J)(3), that the arbitration award was not procured by corruption, fraud, or other undue means, that plaintiff failed to establish grounds for relief from judgment under MCR 2.612, and that the arbitrator did not exceed his powers under MCR 3.602(J)(2).[1] This appeal ensued.

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). We likewise review de novo the issue whether an arbitrator exceeded his or her authority. *Id.* at 672. Additionally, the construction of court rules and statutes is reviewed de novo on appeal. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). De novo review means that we do not extend any deference to the trial court. *Washington*, 283 Mich App at 671.

Review of arbitration awards by the courts "is usually extremely limited, and that certainly is the case with respect to domestic relations arbitration awards." *Id.* (citation omitted). Indeed, review of an arbitration award by a court is one of the narrowest standards of judicial review in all of American jurisprudence. *Id.* at 671 n 4. An arbitration award may be vacated by a court in a domestic relations case when "[t]he arbitrator exceeded his or her powers." MCL 600.5081(2)(c); see also MCR 3.602(J)(2)(c) (authorizing a court to vacate an arbitration award when "the arbitrator exceeded his or her powers"). "[A] party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Washington*, 283 Mich App at 672. "A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernible on the face of the award itself." *Id.* (citations omitted). A trial court is not permitted to review an arbitrator's factual findings or the arbitrator's decision on the merits. *Fette v Peters Constr Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015).

Only legal errors that are evident absent scrutiny of intermediate mental indicia suffice to overturn an arbitration award; a court cannot engage in reviewing an arbitrator's mental path that

---

[1] Although the trial court's ruling on the substantive issues was conclusory and without any expressed analysis, it was nonetheless a ruling.

led to an award. *Washington*, 283 Mich App at 672. For a court to vacate an arbitration award, an alleged error of law must be so substantial that, but for the legal error, the arbitration award would have been substantially different. *Id.* at 672-673. Even if an arbitrator's award is against the great weight of the evidence or is not supported by substantial evidence, we would be precluded from vacating the award. *Fette*, 310 Mich App at 544-545. It is outside the province of the courts to engage in a fact-intensive review of whether the evidence an arbitrator relied on was the most reliable or credible evidence presented. *Id.* at 545.

Because the arbitrator reserved jurisdiction regarding the division of five assets, plaintiff argues that the 21-day period in which to move for an order vacating the arbitration award had not yet expired when the motion was filed on September 2, 2020.[2] Plaintiff additionally contends that prior counsel unethically withdrew from the case, as improperly permitted by the arbitrator, at a time when the withdrawal greatly prejudiced plaintiff in relation to filing a motion to vacate the arbitration award. Thus, according to plaintiff, the untimely motion to vacate the arbitration award could still be reviewed upon a finding of "excusable neglect."

We decline to address and resolve the issues regarding the timeliness of the motion to vacate. Instead, we shall proceed on the assumption that the motion was timely or that excusable neglect allowed consideration of the motion.[3] Ultimately, the trial court substantively addressed and ruled on plaintiff's claims that the arbitrator exceeded his authority, and for the reasons we shall discuss momentarily, the court did not err with respect to its substantive ruling. Therefore, the timeliness or untimeliness of the motion to vacate the arbitration award need not be reached in order to resolve this appeal.

Plaintiff argues that the arbitrator exceeded his authority by failing to apply controlling Michigan law when he imputed to plaintiff an annual income of $35,000 on the basis of pure speculation—an amount of annual income she had never previously earned. Plaintiff maintains that controlling law on imputation required consideration of the equitable criteria set forth in § 2.01(G)(2) of the 2021 Michigan Child Support Formula Manual (MCSF).

Assuming that this issue can actually be considered and does not constitute review of the arbitrator's factual findings, *Washington*, 283 Mich App at 672, or review of the weight of the evidence, *Fette*, 310 Mich App at 544-545, we conclude that there was no error of law discernible

---

[2] "A motion to vacate an [arbitration] award in a domestic relations case must be filed within 21 days after the date of the award." MCR 3.602(J)(3); see MCL 600.5081(6) (directing reference to the court rule on procedural matters when seeking to vacate an arbitration award on the basis that an arbitrator exceeded his or her powers). "[I]f a motion to correct errors or omissions is filed, then the 21-day period begins on the date the arbitrator's decision on the motion is delivered." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 23-24; 777 NW2d 722 (2009).

[3] To be clear, we are not finding in any form or manner that the motion to vacate was timely or that excusable neglect permitted consideration of the motion. Plaintiff's arguments on those matters are less than persuasive.

on its face. Initially, we note that the MCSF concerns "child" support and not "spousal" support.[4] This Court has applied the factors in MCSF 2.01(G)(2) in a spousal-support setting. *Stallworth v Stallworth*, 275 Mich App 282, 283-287; 738 NW2d 264 (2007) (applying the criteria in an appeal regarding child and spousal support).[5] A trial court has the discretion to impute income for purposes of determining an award of spousal support. *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012).

The arbitrator made the following findings with respect to plaintiff's ability to work and earn income:

> Lori has a BA and worked as a designer for General Motors prior to the birth of the parties' first child in 1999. After the birth of their first child[,] Lori became the primary caregiver to the parties' children and the primary caretaker of the parties' home, thus, she was out of the work force during the majority of the marriage. Lori is multi-lingual. She currently has a relocation business which she is trying to expand. Lori testified that she believes she can earn up to $35,000 annually in this business. She testified that it would be difficult to go back to "tech" and obtain a corporate job, as she has been away from it for several years and would be competing with young college graduates. Thus, she has "reinvented" herself to be self-employed. There is no evidence regarding Lori's employability other than that presented by the parties' testimony.

Despite defendant's contention that an annual income of $52,000 should be imputed to plaintiff because "the job market is robust," the arbitrator determined:

> Lori's BA and pre-child work history and income are not enough proof to warrant a level of income to her which is higher than what she testified she can earn. Based upon Lori's testimony the undersigned finds that $35,000 annual income should be imputed to Lori. This factor is given considerable weight.

As is clear from the arbitrator's ruling, he did not engage in pure speculation when imputing income to plaintiff. The arbitrator considered imputation factors, eventually relying *on plaintiff's*

---

[4] MCL 552.605(2) provides:

> Except as otherwise provided in this section, the court shall order *child* support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following . . . . [Emphasis added.]

[5] We note, however, that it is not clear from the opinion whether the panel would have applied the MCSF had spousal support been the only appellate issue.

*own testimony with respect to her earning ability or capacity.* This argument verges on the disingenuous in light of plaintiff's testimony.[6] The arbitrator did not exceed his powers, as he did not act contrary to controlling law.

Plaintiff next argues that the arbitrator exceeded his authority when he determined that defendant's annual income was only $200,000. Plaintiff contends that the arbitrator had also found that defendant enjoyed other employment perks and benefits, such as bonuses, which should have been taken into consideration. Plaintiff maintains that the arbitrator failed to apply controlling law because he did not consider defendant's *actual* income, which was closer to $350,000 annually when considering bonuses and perks.

No matter how adamantly plaintiff attempts to frame this issue as one regarding an error of law, the gravamen of the argument is that the arbitrator made an erroneous finding of fact. The arbitrator considered defendant's income for purposes of spousal support, which was appropriate, see *Woodington v Shokoohi*, 288 Mich App 352, 356; 792 NW2d 63 (2010) (factors include ability to pay support), but not in the amount of income that plaintiff believed was appropriate or supported by the evidence. This is an evidentiary challenge, not a legal challenge. See *Fette*, 310 Mich App at 541, 544-545. Accordingly, the arbitrator's finding or decision on the matter was not reviewable. *Washington*, 283 Mich App at 672. Moreover, there is no legal authority that stands for the proposition that a court must consider bonuses or other employment benefits in addition to base salary when examining income in relation to awarding spousal support. We thus hold that the arbitrator did not act contrary to controlling law.

Finally, plaintiff argues that the arbitrator exceeded his authority and failed to apply controlling law when he inequitably divided the property, allocating the vast majority of the parties' monetary assets to defendant and leaving plaintiff with less than she requires to meet her monthly budgetary expenses and needs. As part of this argument, plaintiff further maintains that the arbitrator should have awarded some of defendant's separate property to her under MCL 552.23.

Plaintiff's argument effectively assails "the arbitrator's decision on the merits," *Fette*, 310 Mich App at 541, which was not reviewable. Moreover, the arbitrator's determination regarding how much plaintiff needed to meet her monthly expenses concerned a fact-finding matter, which was also not reviewable. *Washington*, 283 Mich App at 672.[7] Additionally, the arbitrator did not act contrary to controlling Michigan law. The arbitrator carefully examined and weighed the property-division factors applicable in a divorce action. See *Sparks v Sparks*, 440 Mich 141, 159-

---

[6] One of the child-support imputation factors takes into consideration "[e]vidence that the parent in question is able to earn the imputed income." 2021 MCSF 2.01(G)(2)(h). Here, plaintiff herself testified to her ability to potentially earn $35,000 annually.

[7] The arbitrator determined that plaintiff's monthly expenses or needs amounted to $6,500. The arbitrator rejected plaintiff's contention that the proper amount was $11,332. The arbitrator found that plaintiff's claim was "not realistic," and included costs that no longer were being incurred or that went beyond actual need. These evidentiary findings and credibility assessments by the arbitrator were simply not subject to challenge in court.

160; 485 NW2d 893 (1992) (reciting the factors that are to be applied when dividing marital assets).

The arbitrator awarded the marital home to plaintiff, as she had requested. The value of the equity in the house was $734,207. The arbitrator evenly split the equity, noting that the mortgage on the home would soon be fully satisfied. The arbitrator found that three business interests in commercial properties were defendant's separate property. But the arbitrator determined that those interests had to be invaded because of plaintiff's needs and her contributions as the children's caregiver and as the caretaker of the family home, which allowed defendant to develop and maintain the business properties. The arbitrator awarded plaintiff a 50% interest in the equity of the business interests or properties, to be offset against defendant's share of the equity in the marital home. The arbitrator also awarded plaintiff a cash payment of $52,281, which was lowered after certain offsets, in order to equalize the property division. The arbitrator evenly divided investment and bank accounts that were determined to be marital property. The arbitrator additionally awarded plaintiff substantial interests in retirement accounts. And, of course, plaintiff received $3,500 in monthly spousal support. The arbitrator observed: "The parties lived frugally but comfortably. There are sufficient assets for some financial security, and, with spousal support and the income produced from assets, each party should be able to continue a similar lifestyle." In addressing plaintiff's needs, the arbitrator stated that those needs "should be met with spousal support, employment (self or otherwise) and additional income she will receive from interest, etc., from the property award."

We conclude that there were no evident legal errors discernible on the face of the arbitration award with respect to the division of property. And there were no errors of law in assessing plaintiff's needs. The arbitrator applied controlling Michigan law and legal principles in regard to the property awards to the parties. Plaintiff is simply unhappy with the arbitration award, which does not justify an order vacating the award. Furthermore, to the extent that plaintiff is complaining that the arbitration award left her "cash poor," she requested that the marital home be awarded to her. Additionally, the arbitrator did in fact invade defendant's separate assets, as permitted under MCL 552.23(1). The arbitrator's decision not to invade other separate assets with more liquidity did not amount to an error of law. We hold that there is no basis to upset the arbitration award.

We affirm. Having fully prevailed on appeal, defendant may tax costs under MCR 7.219.


/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Deborah A. Servitto