*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD DUMONT,

          Plaintiff/Counterdefendant-Appellant,

v

LISA MARIE DUMONT, CATHERINE HEYD, and
MARILYN DUMONT,

          Defendants/Counterplaintiffs-
          Appellees.

UNPUBLISHED
September 12, 2025
9:17 AM

No. 372934
Missaukee Circuit Court
LC No. 2023-010939-CZ

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PER CURIAM.

In this action involving a dispute over real and personal property, plaintiff/counterdefendant, Richard Dumont (plaintiff), appeals by right a civil judgment following a bench trial, which (1) ordered partition of a 40-acre property between plaintiff and defendants/counterplaintiffs Marilyn Dumont (Marilyn), Lisa Marie Dumont (Lisa), and Catherine Heyd (Catherine) (collectively, "defendants"); (2) dismissed plaintiff's trespass claim; (3) entered judgment partially in favor of plaintiff for his conversion claim; and (4) entered judgment in favor of defendants for their conversion claim. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from a familial dispute over real property located on West Rhoby Road in Manton, Michigan (the "farm"). The farm is a 40-acre parcel of land including farmland and a single-family home. Marilyn and her late husband, Eugene Dumont (Eugene), lived at the farm for over 50 years. Their children—plaintiff, Lisa, and Catherine—were also raised on the farm. Eugene passed away in December 2016.

Plaintiff and his wife, Shannon Dumont (Shannon), eventually purchased property adjacent to the farm. Plaintiff and Shannon undertook much of the responsibility for working the farm. In February 2017, Marilyn executed a quit-claim deed conveying plaintiff an undivided ½ interest in the farm, and the two shared the property as tenants in common. Plaintiff was added to the deed pursuant to an informal agreement with Marilyn that he pay certain farm expenses. In May 2017,

Shannon took an early withdrawal from her retirement funds in order to help Marilyn pay off the mortgage to the farm. Plaintiff's wood-harvesting business, Red Specialties, Inc., wrote a check paying off the mortgage for approximately $33,000.

In March 2022, Marilyn executed another quit-claim deed, which transferred her interest in the farm to Lisa and Catherine upon Marilyn's death. Marilyn was apparently worried that plaintiff would not share his portion of the property with his sisters, and wanted to ensure that Lisa and Catherine would inherit the farm. Plaintiff was upset by this, and briefly stopped paying the farm's expenses.

In August 2023, plaintiff filed a complaint against defendants asserting claims for partition of the farm, trespass against Lisa, and conversion against Lisa. Defendants filed a counterclaim against plaintiff, alleging that he converted several items of Marilyn's personal property including farm equipment and Eugene's cremated remains. In May 2024, three months prior to trial, plaintiff's counsel withdrew from representation based on a breakdown in the attorney-client relationship. Plaintiff did not retain new counsel.

The bench trial commenced in August 2024, with plaintiff representing himself *in propria persona*. The trial court issued a written opinion following the trial, which entered judgment as noted above. Notably, the court partitioned the property so that defendants received the northern 20 acres, including the home, barn, and adjacent outbuildings. Plaintiff was awarded the southern 20 acres of the farm, which was adjacent to his own property. The trial court also found that Eugene's ashes and various items of farm equipment belonged to Marilyn.

In September 2024, plaintiff, represented by new counsel, filed a motion for reconsideration and a new trial pursuant to MCR 2.119(F) and MCR 2.611(A). He asserted that the trial court entered a palpably erroneous and inequitable judgment based on procedural irregularities, which warranted a new trial. Plaintiff contended that his self-representation was one such irregularity. He also alleged that Marilyn's testimony concerning ownership of the personal property was false or inaccurate, which constituted another irregularity. In support of this argument, plaintiff attached "newly discovered evidence" in the form of affidavits and other documentation. The trial court denied plaintiff's motion in October 2024. This appeal ensued.

## II. STANDARDS OF REVIEW

"The circuit court's findings of fact, if any, following a bench trial are reviewed for clear error, while its conclusions of law are reviewed de novo." *Ladd v Motor City Plastics Co*, 303 Mich App 83, 92; 842 NW2d 388 (2013). "A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made." *Chelsea Investment Group, LLC v Chelsea*, 288 Mich App 239, 251; 792 NW2d 781 (2010).

This Court reviews issues involving the interpretation and application of court rules de novo. *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023). "A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion." *Tripp v Baker*, 346 Mich App 257, 274; 12 NW3d 45 (2023). Similarly, this Court "review[s] the trial court's denial of a motion for a new trial for an abuse of discretion." *Barnes v 21st Century Premier Ins Co*, 334

Mich App 531, 551; 965 NW2d 121 (2020) (quotation marks and citation omitted). "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Tripp*, 346 Mich App at 274 (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred by denying his motion for reconsideration and a new trial on the basis of procedural irregularities and newly discovered evidence. We disagree.

As an initial matter, plaintiff improperly presented his challenge to the trial court's judgment through a motion for reconsideration. The rule provides:

> Unless another rule provides a different procedure for reconsideration of a decision . . . , a motion for rehearing or reconsideration *of the decision on a motion* must be served and filed not later than 21 days after entry of an order deciding the motion. [MCR 2.119(F)(1) (emphasis added).]

The plain language of MCR 2.119(F)(1) states that motions for reconsideration apply to a trial court's decision on a motion—not a trial court's judgment following a bench trial. The trial court acknowledged as much when denying plaintiff's motion, and plaintiff even concedes on appeal that MCR 2.119(F) is inapplicable. Therefore, to the extent that plaintiff presented his argument as a motion for reconsideration, the trial court properly denied it.

Plaintiff also maintains that he is entitled to a new trial under MCR 2.611(A)(1)(a) and (f), which provide:

> (1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

> (a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.

> * * *

> (f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial.

Plaintiff argues two irregularities occurred in the trial court proceedings that denied him a fair trial: "(1) the Defendant Marilyn Dumont provided the Court with inaccurate and false testimony concerning the ownership of various items of personal property; and (2) with Plaintiff's attorney's late withdrawal, the Plaintiff was not properly prepared for or represented at Trial to combat the inaccurate testimony of Marilyn Dumont."

As to plaintiff's self-representation argument, we conclude that plaintiff was not denied a fair trial because of his lack of counsel. Upon the withdrawal of plaintiff's counsel on May 6, 2024, the trial court noted that plaintiff "must retain counsel prior to May 20, 2024," if he chose

to be represented. The bench trial took place over three months later, on August 14, 2024. Before taking opening statements, the trial court stressed to plaintiff that he had the right to be represented by counsel, stating,

> [P]lease keep in mind that you do have the right to be represented by an attorney. I know you've known this now for a while. We've had some other matters on the record and off the record. There—I know that you are not currently represented, but keep in mind that there are rules of evidence and procedure, and the Court expects any person—any party appearing before the Court to comply with those rules and procedures.

The trial court also gave plaintiff an opportunity to raise any remaining issues before proceeding, and plaintiff did not note any issues related to his self-representation.

Despite the trial court's comments, plaintiff exercised his right to proceed without counsel. See Const 1963, art 1, § 13 ("A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney."). See also MCL 600.1430 ("Every person of full age and sound mind, may prosecute or defend civil actions in any court by an attorney, or may, at his election, prosecute or defend civil actions in person."). While plaintiff characterizes his prior counsel's "late" withdrawal as a procedural irregularity and maintains that he was "forced to proceed in pro personam," plaintiff had over three months to retain new counsel before the bench trial and failed to request an adjournment to do so. Nor did plaintiff raise the issue at the bench trial after the court advised him of his rights and gave him an opportunity to object. Under these circumstances, plaintiff was not denied a fair trial, and a new trial is not warranted under MCR 2.611(A)(1)(a).

Plaintiff also asserts that Marilyn's "inaccurate and false testimony concerning the ownership of various items of personal property" presented another irregularity warranting a new trial under MCR 2.611(A)(1)(a). To establish that Marilyn's testimony was inaccurate, plaintiff offered "newly discovered evidence" in the form of affidavits, bills of sales, and invoices, which he attached to his motion for reconsideration and a new trial for the proposition that he was the rightful owner of personal property awarded to Marilyn.

To demonstrate that newly discovered evidence warrants a new trial, the proponent of the evidence must show that it "could not with reasonable diligence have been discovered and produced at trial." MCR 2.611(A)(1)(f). Despite citing this standard in his motion for reconsideration and a new trial, plaintiff failed to argue that he could not have discovered his proposed evidence with reasonable diligence. Indeed, the new evidence included his own affidavit and several bills of sale, pictures, and invoices that could have been produced at trial, through plaintiff's own testimony or otherwise. Plaintiff also fails to address this issue on appeal, despite the trial court explicitly noting that MCR 2.611(A)(1)(f) required plaintiff to show that his proposed evidence "could not have been discovered through conducting discovery or through diligent preparation" when it denied his request for a new trial. Because plaintiff fails to demonstrate that a new trial is warranted on the basis of newly discovered evidence under MCR 2.611(A)(1)(f), the trial court did not abuse its discretion by denying plaintiff's motion.

We also disagree with plaintiff's contention that Marilyn's testimony and his self-representation led to errors in the trial court's judgment. Plaintiff maintains that the trial court's judgment was inequitable and erroneous because it (1) awarded "real property to the Defendants that is substantially more valuable than what was awarded to Plaintiff, which includes the home, the barn, outbuildings, wells, septic, utilities and driveways and all access to West Rhoby Road, while the Plaintiff was awarded a much-less valuable back 20 acres," (2) partitioned the farm in a way "that leaves the Plaintiff with a parcel that is landlocked except from his unrelated parcel that is immediately adjacent to the new parcel," and (3) incorrectly found that Marilyn owned various items of personal property.

The trial court did not err with respect to its findings and legal conclusions following the bench trial. The trial court explicitly considered several factors to determine an equitable partition of the farm, including the value of the farm, the mortgage payment made by plaintiff or Red Specialties, Inc., and the extent of plaintiff's contributions to working the farm. Plaintiff also conceded that he did not want to interfere with Marilyn's residence in the home. Additionally, plaintiff's awarded parcel is not landlocked. Neither party contested access at trial, and Marilyn testified that plaintiff would be allowed over her property to access his parcel, if necessary.

As to the award of personal property, Marilyn reviewed several exhibits at trial containing pictures of farm equipment and testified that with the exception of a cattle trailer, the personal property belonged to Eugene, not plaintiff. Therefore, trial court had evidentiary support for its judgement and did not err with respect to its findings. See *Chelsea Investment Group*, 288 Mich App at 251 ("A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made."). While plaintiff stresses that Marilyn's testimony regarding personal property was uncontradicted, as noted above, he failed to demonstrate that a new trial is warranted under MCR 2.611(A)(1) based on his self-representation or newly discovered evidence. In sum, the trial court did not abuse its discretion by denying plaintiff's motion for reconsideration or a new trial.

Defendants argue that they are entitled to attorney fees and costs under MCL 600.2591 because of plaintiff's frivolous arguments on appeal. MCL 600.2591(1) provides, in relevant part,

> [I]f a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

Notably, MCL 600.2591 "does not allow for an award of appellate costs and attorney fees." *Fette v Peters Constr Co*, 310 Mich App 535, 552; 871 NW2d 877 (2015). This Court has noted that the language of the statute applies only to civil actions. *Id*. "Because a civil action relates to the filing of a complaint, an appeal from the circuit court to this Court is not a civil action." *Id*. (quotation marks and citation omitted). "In other words, any expenses incurred on appeal cannot fairly be attributed to the filing of a frivolous complaint in the circuit court." *Id*.

In addition to MCL 600.2591 being inapplicable to a request for appellate costs and fees, defendants failed to preserve the issue of whether they were entitled to costs and attorney fees under MCL 600.2591 in the trial court. See *Ayotte v Dep't of Health & Human Servs*, 337 Mich

App 29, 39; 972 NW2d 282 (2021) ("Generally, for an issue to be preserved for appellate review, it must be raised in or decided by the trial court."). Because defendants failed to preserve the issue, we decline to address whether they are entitled to costs or attorney fees based on a frivolous action. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) ("If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue.").

Affirmed. Having prevailed on appeal, defendants may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Sima G. Patel
/s/ Kathleen A. Feeney