# STATE OF MICHIGAN

# COURT OF APPEALS

RITA RADWAN,

          Plaintiff-Appellant,

and

JAGANNATHAN NEUROSURGICAL
INSTITUTE,

          Intervening Plaintiff,

v

AMERIPRISE INSURANCE COMPANY,

          Defendant-Appellee,

and

THOMAS PENRI THOMAS,

          Defendant.

UNPUBLISHED
December 20, 2018

No. 341500
Oakland Circuit Court
LC No. 2015-148340-NI

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff, Rita Radwan, appeals an order denying her motion to vacate an arbitration award, which relied upon the doctrine of collateral estoppel to award her $0 against defendant Ameriprise Insurance Company. We affirm.

This case arises from a motor vehicle accident involving Radwan and defendant Thomas Penri Thomas. Radwan filed a third-party lawsuit against Thomas and a first-party lawsuit against her no-fault insurer, Ameriprise. A jury trial began on November 29, 2016. On that same day, Radwan and Ameriprise entered a stipulated order dismissing Ameriprise without prejudice and stating that "the parties have agreed to arbitrate their dispute pursuant to an Arbitration Agreement executed by and between the parties."

-1-

The case proceeded to trial on Radwan's third-party lawsuit against Thomas. On December 2, 2016, the jury rendered a special verdict, finding that Thomas was negligent, but Radwan was not injured. Accordingly, the jury did not reach the questions regarding proximate cause, economic damages, serious impairment of a body function or permanent serious disfigurement, or noneconomic losses. On December 12, 2016, ten days after the jury's verdict, Radwan and Ameriprise entered into a binding arbitration agreement. However, on February 15, 2017, Ameriprise filed a motion for relief from arbitration and for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). On February 22, 2017, Radwan and Thomas entered a "Stipulation and Order of Dismissal with Prejudice," which provided:

> The Plaintiff having filed the Complaint against the Defendant; a Trial having commenced on November 29, 2016, ending December 2, 2016; the Plaintiff and Defendant having had the opportunity to offer evidence; and, the jury finding in favor of the Defendant and against the Plaintiff resulting in a No Cause of Action in favor of the Defendant and against the Plaintiff;

> Post-verdict, the Plaintiff advising that the Plaintiff would file a Motion for New Trial and possible appeals; post-verdict the Defendant having advised the Plaintiff that the Defendant would file a Motion for case evaluation sanctions and to tax costs as the prevailing party Defendant; and, the Plaintiff and Defendant having resolved its post-verdict issues and entered into a resolution and settlement agreement and stipulating to the entry of this Order for dismissal with prejudice;

> IT IS HEREBY ORDERED that any and all claims of the Plaintiff, Rita Radwan, against the Defendant, Thomas Penri Thomas, shall be dismissed with prejudice and without any costs or fees to any party.

> THIS IS A FINAL ORDER AND DISPOSES OF THE ENTIRE CASE.

On March 23, 2017, the circuit court entered an order finding that it lacked jurisdiction to rule on Ameriprise's motion and the case proceeded to arbitration. On August 22, 2017, the arbitrator entered an arbitration award of $0 against Ameriprise. In an opinion attached to the award, the arbitrator stated:

> The Arbitrator has read all materials submitted by the parties. I am in agreement with the defense position that there has been a factual finding, that the plaintiff Rita Radwan did not incur any injury from the motor vehicle accident of April 24, 2014.

> It is the arbitrators position that collateral estoppel would apply to the facts of this case. The case of Monant -v- State Farm Insurance Company, 469 Mich 679 (2004) appears to be directly on point.

> Plaintiff relies on the semantics of the entry of final judgement. It is clear that the matter was fully decided on its merits, subsequent to the jury findings, the case was dismissed by stipulation to avoid appeals along with case evaluation sanctions. To now indicate that there is no "final judgement" and avoiding the

adverse verdict, plaintiff would simply be attempting to circumvent the rule of collateral estoppel.

For the above stated reasons, the arbitrator grants the motion filed by defendant and grants summary disposition pursuant to MCR 2.116 (7), (8) and (10).

Subsequently, Radwan filed a motion with the circuit court to vacate the arbitration award, arguing that the arbitrator exceeded his powers by failing to hear evidence, weigh damages, and render an arbitration award, and by erroneously deciding that collateral estoppel applied to this case. Ameriprise opposed the motion.

After a hearing, the circuit court agreed with the arbitrator's determination that the doctrine of collateral estoppel precluded Radwan from relitigating the issue of whether she sustained injuries in the motor vehicle accident. The circuit court found that the arbitrator did not commit an error of law or exceed his powers by refusing to hear evidence and denied Radwan's motion. The circuit court also denied Radwan's motion for rehearing. This appeal followed.

Radwan contends that the circuit court erred by refusing to vacate the arbitration award because the award improperly applied collateral estoppel to a consent judgment. We disagree.

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award. This means that we review the legal issues presented without extending any deference to the trial court." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009) (citations and quotation marks omitted). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Id*. at 672. The application of collateral estoppel is a legal issue that is similarly reviewed de novo. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 526; 866 NW2d 817 (2014).

Radwan moved to vacate the arbitration award under MCR 3.602(J)(2)(c), which requires the trial court to vacate an award if the "arbitrator exceeded his or her powers." However, the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq.*, not the court rule, applies in this case. See *Fette v Peters Constr Co*, 310 Mich App 535, 542; 871 NW2d 877 (2015) (stating that the UAA became effective on June 1, 2013); MCL 691.1683(1) (stating that the UAA governs agreements to arbitrate made on or after July 1, 2013); MCR 3.602(A) (stating that the court rule applies to arbitrations not governed by the UAA). Nonetheless, the UAA similarly provides, under MCL 691.1703(1)(d), that a court shall vacate an arbitration award if "[a]n arbitrator exceeded the arbitrator's powers."

"Arbitrators exceed their powers whenever they act beyond the material terms of the contract from which they draw their authority or in contravention of controlling law." *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005). In *Washington*, 283 Mich App at 672, this Court stated:

[A]ny error of law must be discernible on the face of the award itself. By "on its face" we mean that only a legal error that is evident without scrutiny of intermediate mental indicia, will suffice to overturn an arbitration award. Courts

will not engage in a review of an arbitrator's mental path leading to [the] award. Finally, in order to vacate an arbitration award, any error of law must be so substantial that, but for the error, the award would have been substantially different. [Citations and some quotation marks omitted.]

Radwan asserts that the arbitrator misapplied the law of collateral estoppel. In *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 528-529, this Court stated:

Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding. Collateral estoppel is a flexible rule intended to relieve parties of multiple litigation, conserve judicial resources, and encourage reliance on adjudication.

Generally, application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel. [Citations omitted.]

Our Supreme Court has analyzed the issue of collateral estoppel involving a set of circumstances similar to those in this case. In *Monat v State Farm Ins Co*, 469 Mich 679, 680-681, 695; 677 NW2d 843 (2004), our Supreme Court held that collateral estoppel barred a plaintiff's first-party claim after a no-cause-of-action jury verdict was reached on the third-party claim. In so ruling, the Court held that "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required." *Id*. The plaintiff in *Monat* sued the driver of the other vehicle involved in an accident, as well as her no-fault insurer that discontinued the payment of benefits. *Id*. at 681. Before the trial on the third-party action, the plaintiff and the driver entered an agreement to forgo their opportunity to appeal in lieu of the plaintiff agreeing to place a cap on damages and the driver agreeing to pay an undisclosed sum of damages regardless of the jury's verdict. *Id*. The jury found that the plaintiff was not injured and rendered a "no cause of action" verdict. Thereafter, the defendant insurer moved for summary disposition in the plaintiff's first-party action, arguing that "collateral estoppel precluded plaintiff's first-party claim because plaintiff litigated and lost the issue of injury in the third-party action." *Id*. The trial court denied the motion. *Id*. This Court affirmed the trial court's decision, concluding that collateral estoppel could not apply because there was no mutuality of estoppel. *Id*. at 682.

Our Supreme Court reversed this holding, concluding that there was a final judgment, i.e., the jury verdict, the plaintiff had a full and fair opportunity to litigate the issue concerning his injury, and mutuality of estoppel was not required under the circumstances. *Monat*, 469 Mich at 685. The Court stated that "[w]hile the 'full and fair opportunity to litigate' normally encompasses the opportunity to both litigate and appeal, plaintiff here voluntarily relinquished the opportunity to pursue an appeal in return for consideration—the guaranteed receipt of a minimal sum of damages regardless of the jury's verdict." *Id*. The Court further reasoned that "to describe this type of agreement as anything other than 'full and fair' would be to encourage a plaintiff to negotiate away appeals with one defendant while keeping in suspense other lawsuits

in the event that the plaintiff's first lawsuit proves unsuccessful." *Id*. at 686. The Court concluded that the exceptions to the requirement of mutuality of estoppel should be extended because "allowing the defensive use of collateral estoppel in these circumstances would enhance the efficient administration of justice and ensure more consistent judicial decisions." *Id*. at 688.

Radwan primarily focuses on the first requirement of collateral estoppel—"that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment." *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 529. Radwan argues that a question of fact essential to the judgment was not determined by a valid and final judgment. Radwan does not appear to dispute that the stipulated order of dismissal was a "final judgment" or that the issue of her injuries was "actually litigated"; rather, she argues that the issue of her injuries was not determined by the stipulated order of dismissal because the order was not based on the jury's verdict.

In *Monat*, the Court applied collateral estoppel without analyzing whether the first requirement—a final judgment—existed. Nonetheless, the jury's verdict was a final judgment, and, even though the jury found no cause of action, the plaintiff received a guarantee that damages would be capped pursuant to the pretrial agreement. *Monat*, 469 Mich at 681. In this case, following the jury's verdict of no cause of action, Radwan agreed to a dismissal of her claims. Unlike in *Monat*, the jury's verdict did not identify the amount of damages. However, the stipulated order of dismissal did expressly mention the outcome of the trial, specifically the jury's finding of no cause of action. Moreover, the opportunities relinquished by the parties— Radwan's post-trial rights and Thomas's right to seek case evaluation sanctions—both depended on the jury's verdict in favor of Thomas. Without the verdict in Thomas's favor, Radwan could not move for a new trial or appeal and Thomas could not seek case evaluation sanctions. The fact that the agreement was entered into following the conclusion of the trial further suggests that it depended on the jury's verdict. Thus, under *Monat*, the stipulated order of dismissal, which incorporated the jury's verdict, is sufficient to satisfy the first requirement for collateral estoppel.

This conclusion is consistent with the Restatement Judgments, 2d, § 13, p 132, which states:

> The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.

In this regard, the Third Circuit Court of Appeals has held that, under Tennessee law, a judgment has preclusive effect, even if it is vacated by settlement. *Sentinel Trust Co v Universal Bonding Ins Co*, 316 F3d 213, 221-223 (CA 3, 2003). Similarly, in *Hudson Ins Co v Chicago Hts*, 48 F3d 234, 236, 238 (CA 7, 1995), the Seventh Circuit concluded that a jury verdict had preclusive effect, even though the case settled and judgment was never entered. The court stated:

> Moreover, a jury verdict need not be final to have collateral estoppel effect. The settlement disputed in this case arose from the jury verdict; it was designed to settle the very claims submitted to the jury. Logic counsels that those claims, and

-5-

whatever ultimate facts would be necessary to prove them, should determine what the settlement settled. [*Id*. at 238 (citations omitted).]

Similarly, the supplemental authority relied upon by Ameriprise supports the applicability of collateral estoppel in this case. Ameriprise cites a recent Sixth Circuit decision concluding that the Michigan Supreme Court would adopt the teaching of *Sentinel* and other courts that have held that judgments can support issue preclusion even though they are set aside or vacated upon settlement. *Watermark Senior Living Retirement Communities, Inc v Morrison Mgt Specialists, Inc*, 905 F3d 421, 427 (CA 6, 2018). The court stated that "[a]lthough, as a formal matter, there is no judgment in these circumstances, a court's decision may remain sufficiently firm to be given preclusive effect." *Id*. at 428. The court further stated:

A decision that issue preclusion does not apply in the present circumstances similarly would be at odds with the purposes of the doctrine. It would incentivize losing parties to pay to settle adverse judgments in order to avoid their issue-preclusive effects. While such a rule might encourage settlement of the first action, it also would authorize losing parties to take another stab at litigating their claims, in the hope that they might garner a more favorable result the second time around. Permitting this litigation strategy therefore would increase the probability of inconsistent decisions and require the judicial system to expend its scarce resources readjudicating these issues. [*Id*. at 428.]

The court, however, stated that judgments that are vacated because a court has decided that the ruling is faulty and judgments that become moot through no fault of the party asserting issue preclusion should be given preclusive effect. *Id*. at 428.

But the equities are otherwise when a litigant elects to settle rather than appeal after receiving an adverse judgment. In such circumstances, the losing party acquiesces in the court's decision, even if he disagrees with it. The party has had his day in court and waived his right to an appeal. *See Monat*, 677 NW2d at 847 (applying issue preclusion when party negotiated away its right to appeal prior to judgment in first action). That is all that fairness requires: "One bite at the apple is enough." [*Id*. at 429 (second citation omitted).]

Radwan attempts to distinguish *Sentinel* and *Watermark*, in which a judgment was vacated, by arguing that no judgment on the jury's verdict was ever entered in this case. For the reasons discussed above, this argument is without merit. Nonetheless, in *Hudson*, judgment was never entered and the court still found that the jury verdict should be given preclusive effect.[1] As in that case, the stipulated order of dismissal in this case "arose from the jury verdict" and was designed to settle the claims submitted to the jury. *Hudson*, 48 F3d at 238. Likewise, in

---

[1] Plaintiff argues that *Hudson*'s finding of preclusive effect "was grounded upon an idiosyncrasy of Illinois law deriving from what happens when, after favorable verdict, a plaintiff dies." But the court also expressly stated that "a jury verdict need not be final to have collateral estoppel effect." *Hudson*, 48 F3d at 238.

*Watermark*, although the judgment was set aside, the court stated that there was formally "no judgment," yet still applied collateral estoppel. *Watermark*, 905 F3d at 428. Thus, even if judgment was not entered on the jury's verdict, the verdict was sufficiently firm to be given preclusive effect.

Radwan further argues that collateral estoppel does not apply to consent judgments. This Court has held that "collateral estoppel does not apply to consent judgments where factual issues are neither tried nor conceded." *In re Bibi Guardianship*, 315 Mich App 323, 332; 890 NW2d 387 (2016) (citation and quotation marks omitted). But for the reasons discussed earlier, the issue of Radwan's injury was actually tried and incorporated into the stipulated order of dismissal. Therefore, even if the stipulated order of dismissal was a consent judgment, collateral estoppel applies in this case.

In support of her argument, Radwan also argues that the jury verdict was clearly not dispositive given the fact that Ameriprise signed the arbitration agreement 10 days after the jury's verdict. Radwan argues that if the verdict was dispositive, then there was nothing to arbitrate. Nonetheless, although the arbitration agreement was apparently not signed until December 2016, the record establishes that the stipulated order of dismissal regarding Ameriprise was entered on November 29, 2016, the day that trial began. That order expressly stated that "the parties have agreed to arbitrate their dispute pursuant to an Arbitration Agreement executed by and between the parties." Therefore, Radwan and Ameriprise agreed to arbitrate before the jury's verdict was rendered.

Finally, it is apparent that, in the circuit court, Radwan attempted to avoid the future application of collateral estoppel against her by entering the stipulated order of dismissal in order "to avoid any judgment." The words of the order, however, not Radwan's subjective intent, are dispositive. As discussed earlier, the stipulated order of dismissal was clearly based on the jury's verdict and, thus, collateral estoppel applies under *Monat*. We agree with the arbitrator's assessment that Radwan's argument regarding the "semantics" of the order is an attempt to circumvent the application of collateral estoppel. Radwan's argument also flouts the purposes of collateral estoppel, which are "to relieve parties of multiple litigation, conserve judicial resources, and encourage reliance on adjudication." *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 529. In addition, Radwan's position would increase the probability of inconsistent decisions. *Watermark*, 905 F3d at 428. As the Sixth Circuit stated, Radwan had her day in court and waived her right to appeal; "[t]hat is all that fairness requires[.]" *Id*. at 429.

Because we conclude there was a final judgment, the issue turns on whether the last two elements of collateral estoppel—a full and fair opportunity to litigate the issue and mutuality of estoppel—have been met. In this case, Radwan had a full and fair opportunity to litigate the issue of her injuries in the third-party trial against Thomas. While Radwan argues that her inability to appeal means that she did not have a full and fair opportunity to litigate the issue, the fact remains that she made the tactical decision to relinquish her opportunity to appeal in consideration for Thomas's agreement to forgo case evaluation sanctions. Thus, as in *Monat*, Radwan had a full and fair opportunity to litigate the issue of her injuries. *Monat*, 469 Mich at 685. Radwan further argues that the issue to be decided in this first-party case is different than the issue in the third-party case because a higher standard regarding the injury is required in the third-party case. However, the jury did not reach the question of serious impairment of a body

function or permanent serious disfigurement, instead finding that Radwan suffered no injury at all. The relevant question in the first-party suit is whether Radwan suffered any accidental bodily injury. See MCL 500.3105(1). That question was decided by the jury. Finally, Ameriprise asserted collateral estoppel defensively against Radwan, and therefore, a showing of mutuality of estoppel is not required. See *Monat*, 469 Mich at 695. Therefore, the trial court did not err when it denied Radwan's motion to vacate the arbitration award on the basis of collateral estoppel.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron