*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CERTAINTY CONSTRUCTION, LLC,

          Plaintiff-Appellant/Cross-Appellee,

v

ROBERT L. DAVIS,

          Defendant-Appellee/Cross-Appellant,

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

          Defendant-Appellee/Cross-Appellee,

and

LEVEL ONE BANK,

          Defendant.

UNPUBLISHED
May 25, 2023

No. 361276
Washtenaw Circuit Court
LC No. 20-000696-CB

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

In this contract dispute, Certainty Construction, LLC argues that the trial court erred by vacating the arbitrator's award of attorney's fees and his determination that the construction lien was valid. Because there was nothing on the face of the arbitrator's award that evinced an error of law, we find that the trial court exceeded its reviewing authority and erred by vacating the attorney's fees award. But because Certainty Construction discharged its construction lien, we find any argument on the validity of the construction lien moot. We also reject Robert L. Davis's argument on cross-appeal that the trial court erred by affirming the arbitrator's dismissal of the slander of title claim. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

# I. BACKGROUND

Davis hired Certainty Construction to build an addition onto and remodel a residential home in Ann Arbor, Michigan. The terms of the project were outlined in the parties' contract. The six-month project was scheduled to begin on April 1, 2020, at a total cost of $257,415.75. The project was funded by defendant Level One Bank, and secured by a $526,500 future advance mortgage in favor of Level One and Mortgage Electronic Registration Systems, Inc. (MERS). The contract incorporated a proposal that itemized the work to be performed including, in pertinent part: (1) $10,800 for demolition, (2) $31,000 for excavation,[1] (3) $2,500 for permits, and (4) $29,000 for management, administration fee, and profit.

In the event of a contract dispute, the parties were obligated to submit the dispute to an agreed-upon single mediator. But if the parties were unable to resolve the dispute through mediation, then the parties were required to submit the dispute to binding arbitration. If one of the parties defaulted, the non-defaulting party was entitled to declare in writing that the contract was in default "and proceed against the defaulting party for the recovery of all damages incurred as a result . . . including a reasonable attorney's fee." The non-defaulting party was further authorized to "state his intention to comply with the contract and proceed with specific performance." If the defaulting party failed to cure within 15 days of the notice, the contract would be terminated. If Davis defaulted, Certainty Construction was entitled to cease work. If Davis failed to cure within 15 days, the contract would be terminated, "and the full contract amount and any additional amount due that is outstanding shall be [sic] continue to be owed." If Certainty Construction defaulted and failed to cure within 15 days, Davis had the option to terminate and Certainty Construction retained the right to claim payment for all work executed.

Due to COVID-19 restrictions, the project was delayed and did not start until May 6, 2020. On June 2, 2020, Certainty Construction discovered that McTaggart was not licensed to perform construction services, and had Davis execute an agreement relieving Certainty Construction of liability related to the work completed by McTaggart, including "any issues that could potentially arise in future work completed by Certainty Construction as a result of any latent defect in workmanship of McTaggart Masonry." Thereafter, the owner of Certainty Construction failed to return Davis's calls and texts from June 3, 2020 through June 8, 2020 and allegedly removed his equipment from the work site.

On June 9, 2020, Davis's attorney sent a letter to Certainty Construction alleging that it "committed various contract breaches including improper draw requests directly to Level One Bank." Davis claimed that Certainty Construction appeared to have "abandoned the project altogether" by removing its equipment and not performing any work "for at least a week." As a result, Davis declared the contract terminated by Certainty Construction's uncured default. Davis

---

[1] The contract reflected that Davis "selected his own contractor for excavation, foundation and flatwork at a cost of $31,000." Davis hired McTaggart Masonry for the excavation, foundation, and flatwork. The contract stated that "Certainty Construction will not warranty [sic] [McTaggart's] work; however, it is assumed that [McTaggart] will be licensed and insured, and will warrant his own work."

allegedly had another contractor "lined up" and demanded that Certainty Construction "allow the process to play out without interference."

Certainty Construction refuted Davis's claims. It maintained that the draw requests followed the protocol and denied that it abandoned the project. Certainty Construction maintained that any delay was due to a dispute regarding Davis's "insistence on continuing to utilize McTaggart Masonry after it was discovered that the company was not licensed" that prompted the execution of an "indemnity clause." Certainty Construction proposed that it either (1) complete the full contract, (2) finish the minimal portion of demolition work left and receive payment of $55,490 for the additional funds paid to McTaggart, profit and labor income, remuneration for business defamation and potential loss of future work,[2] or (3) cease all work until the matter is resolved in a court of law. For the next six weeks, the parties engaged in a back-and-forth dispute.

On July 8, 2020, Certainty Construction filed a construction lien against the subject property with the Washtenaw County Register of Deeds. The lien asserted that the contract amount was $72,018.62, that total payments were $31,353.12, and the lien claim was for $40,665.50. Two weeks later, Certainty Construction filed this action, asserting claims for breach of contract and foreclosure of construction lien. Davis filed a counterclaim against Certainty Construction, alleging claims for breach of contract, common law and statutory slander of title, and tortious interference with Davis's contract with Level One Bank. The parties stipulated to stay the proceedings pending arbitration.

During the arbitration proceedings, Davis filed a motion for summary disposition seeking dismissal of Certainty Construction's lien foreclosure claim because the contract did not include the mandatory language in MCL 570.1114(a) and (b) of the Construction Lien Act (CLA), MCL 570.1101, *et seq.* Following a hearing, the arbitrator issued a detailed opinion concluding that the contract substantially complied with MCL 570.1114 and thus denied Davis's motion. But the arbitrator denied the motion without prejudice, affording Davis an opportunity to submit further case law in support of his arguments. Davis moved for reconsideration, citing additional unpublished case law. The arbitrator found the unpublished case law unpersuasive and denied the motion for reconsideration.

Following a 4-day evidentiary hearing, the arbitrator awarded Certainty Construction $85.14 in damages for work performed but unpaid and $16,000 in attorney's fees incurred due to Davis's default. Pursuant to MCL 570.1107(1), the arbitrator found that Certainty Construction was entitled to a construction lien in the amount of $85.14 and ordered that the lien be amended to the correct amount within 30 days. The arbitrator denied all of Davis's counterclaims. Because Davis committed the first material breach, the arbitrator found that none of his contractual claims

---

[2] Certainty Construction itemized the damages as follows:

- $4,500 for the additional payment to McTaggart
- $14,500 for the coordination fee / profit
- $26,490 for ½ labor costs for work to be performed by Certainty Construction
- $10,000 for defamation / lost business.

were actionable. He also denied Davis's claims for slander of title and tortious interference, concluding that Davis failed to support the claims.

Certainty Construction filed a motion in the circuit court to reform the arbitrator's award pursuant to MCR 3.602(J)(2)(c), arguing that the arbitrator exceeded his authority because he failed to correctly determine the damages, failed to award reasonable attorney's fees, and improperly ordered Certainty Construction to substantially reduce its lien amount. The trial court denied the motion, concluding that Certainty Construction failed to establish that the arbitrator exceeded his powers. After Davis paid the $85.14 award of damages, Certainty Construction discharged the construction lien.

Thereafter, Davis moved to partially vacate the arbitrator's award pursuant to MCL 691.1703(1)(d) and MCR 3.602(J)(2)(c), arguing that the arbitrator exceeded his power in several aspects. First, Davis maintained that arbitrator failed to apply MCL 570.1114 to bar Certainty Construction from asserting a construction lien because it did not strictly comply with statute. Next, Davis argued that he was entitled to attorney fees under MCL 570.1118(2). Davis also asserted that the arbitrator exceeded his powers in awarding Certainty Construction $16,000 in attorney's fees on its breach of contract claim despite the award of zero contract damages. Finally, Davis argued that the arbitrator "exceeded his powers" by failing to set forth a legal and factual basis explaining his denial of Davis's slander of title claim.

The trial court granted Davis's motion, and partially vacated the arbitrator's award. The court vacated and reversed the arbitrator's holding that substantial compliance with MCL 570.1114 was sufficient to uphold the validity of a construction lien. The court offered its own interpretation of the statutory language, relied on non-binding authority, and concluded:

> The arbitrator exceeded his/her authority within the meaning of MCR 3.602(J)(1)(c) by acting in contravention of controlling principles of law. Accordingly, the portion of the award holding that plaintiffs had a valid construction lien constitutes clear error of law on the face of the award. As a result, Defendant's request to vacate and reverse the arbitrator's refusal to apply MCL 570.1114 to bar Certainty's lien foreclosure claim is GRANTED.

The court also vacated and reversed the arbitrator's award of $16,000 in attorney's fees to Certainty Construction, finding that there was no evidence to support such an award because "zero damages were awarded by the arbitrator" and Certainty Construction "was not in compliance with MCL 570.1114 . . . ." Finally, the court affirmed the arbitrator's determination that Davis failed to meet his burden of proof for his slander of title claim, but ordered the arbitrator to hold a hearing and make a determination as to Davis's attorney fee request under MCL 570.1118(2).

On remand to the arbitrator, Davis's request for attorney's fees were denied. Davis did not file any objections to, or move to vacate or modify the award within 90 days. The parties stipulated to an order (1) confirming the January 7, 2021 arbitration award as modified by the court's March 10, 2021 order partially vacating the award, (2) confirming the August 27, 2021 final arbitration award on remand, and (3) entering the March 10 and August 27, 2021 awards as a judgment. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to vacate, modify, or enforce an arbitration award. *Fette v Peters Const Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015). But judicial review of an arbitrator's decision is limited to the face of the award. *Id.* A court is not authorized to review an arbitrator's factual findings or decision on the merits. *Id.* Nor may a court substitute its judgment for that of the arbitrator or review "an arbitrator's mental path leading to the award." *Washington v Washington*, 283 Mich App 667, 672, 675; 770 NW2d 908 (2009) (cleaned up). A court is also not authorized to engage in contract interpretation, which is an issue reserved for the arbitrator. *Ann Arbor v American Federation of State, Co, and Municipal Employees (AFSCME) Local 369,* 284 Mich App 126, 144; 771 NW2d 843 (2009). A reviewing court's inquiry is limited to whether the award exceeded the arbitrator's contract authority. *Id.* "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error." *Id.* (cleaned up). A court may only intervene if the arbitrator committed an error of law "so substantial that, but for the error, the award would have been substantially different." *Washington*, 283 Mich App at 672 (cleaned up).

### B. ATTORNEY'S FEES

Certainty Construction argues that the trial court exceeded its reviewing authority and erred by vacating the arbitrator's award of attorney's fees. We agree.

The arbitrator found that Certainty Construction complied with its contractual obligations and that Davis defaulted on the contract by terminating it on June 9, 2020. As a result of Davis's default, the arbitrator found that Certainty Construction was authorized to cease work until the default was cured. Because Davis failed to cure the default within 15 days, the arbitrator determined that the contract terminated on June 25, 2020 and Certainty Construction was entitled to pursue its remedies under the contract. Davis did not challenge these findings in the circuit court.

The arbitrator found that Certainty Construction was entitled to all damages incurred as a result of Davis's breach, including a reasonable attorney's fee pursuant to paragraph 14.1 of the contract, which states as follows:

> 14.1 If [Davis] or [Certainty Construction] defaults on the contract, the non-defaulting party may declare the contract is in default in writing and proceeds against the defaulting party for the recovery of all damages incurred as a result of said breach of contract, including a reasonable attorney's fee.

Certainty Construction claimed $96,412.33 in attorney's fees under both the CLA and the contract. The arbitrator declined to award attorney's fees under the CLA. But he interpreted the contract to afford him discretion to award a reasonable attorney's fee incurred due to Davis's default and concluded:

-5-

Certainty provided detailed billing records that show who, what, when, how and why attorney fees were incurred in connection with the dispute, which the Arbitrator reviewed. The Arbitrator also carefully considered all the factors set forth in *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 276 (2016), and also considered other factors, including that there was no evidence the parties attempted mediation, and that a circuit court action was filed despite the arbitration clause, and that there was ample time to complete an arbitration before the 1-year limitations period for a lien action expired. The Arbitrator finds that a reasonable award of attorney fees to Certainty is $16,000.00.

This award of attorney fees is an award in favor of Certainty against Mr. Robert Davis personally and individually, and is not part of the lien amount. See MCL 570.1107(1) and *TSP Services* [*Inc v National-Standard, LLC*, 329 Mich App 615 (2019)].

The trial court vacated the arbitrator's award of $16,000 in attorney's fees to Certainty Construction, finding that there was no evidence to support such an award because "zero damages were awarded by the arbitrator" and Certainty Construction "was not in compliance with MCL 570.1114 . . . ." Both findings were erroneous. As the non-defaulting party, Certainty Construction was entitled to recover all damages that were "the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). The arbitrator did not calculate Certainty Construction's damages at zero; he calculated $31,438.26 in damages—$27,898 for labor and materials installed as of June 9, 2020 and a $3,540.26 earned contractor's fee pursuant to MCL 570.1120. But because it was undisputed that Certainty Construction was paid $31,353.12, the arbitrator determined that it was only owed the $85.14 difference.[3] The trial court was not authorized to review that factual finding. *Fette*, 310 Mich App at 541. The arbitrator's damage calculation was also consistent with long-standing contract law, see *Alan Custom Homes*, 256 Mich App at 512, and thus the trial court was not authorized to intervene or substitute its own judgment. *Washington*, 283 Mich App at 672. The trial court erred by finding that the arbitrator awarded zero dollars in damages and thus erred by relying on that erroneous finding to vacate the award of attorney's fees.

The trial court further erred by relying on the alleged invalidity of construction lien to vacate the award of attorney's fees to Certainty Construction. The arbitrator awarded attorney's fees pursuant to the terms of the contract, which clearly allows the non-defaulting party to recover "all damages incurred as a result of said breach of contract, including a reasonable attorney's fee." Interpretation of the contract was the arbitrator's exclusive role. *Ann Arbor,* 284 Mich App at 144. The arbitrator determined that Certainty Construction was entitled to attorney's fees under the terms of the contract because Davis defaulted. Whether the construction lien was valid was not relevant to the arbitrator's award of attorney's fees. A court may only intervene if the arbitrator committed an error of law "so substantial that, but for the error, the award would have been

---

[3] Pursuant to the CLA, the construction lien was limited to the contract, less payments made on the contract. MCL 570.1107(1). Hence, the arbitrator limited Certainty Construction's lien to $85.14.

substantially different." *Washington*, 283 Mich App at 672 (cleaned up). Even if the arbitrator erred by finding that the construction lien was valid, the arbitrator's award of attorney's fees incurred by Certainty Construction as a result of Davis's default on the contract would not have been substantially different. Judicial interference with the award was not justified. See *id*. Accordingly, we find that the trial court erred by vacating the arbitrator's award of $16,000 in attorney's fees to Certainty Construction.

## C. CONSTRUCTION LIEN

Certainty Construction argues that trial court erred in determining that the lien was invalid. We find this issue moot because Certainty Construction filed a discharge of its claim of lien, stating that the lien "has been fully paid and satisfied and is hereby released and discharged." Even if this Court were to reverse the trial court's finding that the lien was invalid, it is impossible for this Court to fashion a remedy because the lien has been discharged. *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000) (citation omitted) ("An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief."). Because the issue is moot, we will not decide it. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

## D. SLANDER OF TITLE

On cross-appeal, Davis argues that the trial court erred by affirming the arbitrator's dismissal of the slander of title claim because the arbitrator failed to provide a factual and legal basis for the award. We disagree.

"Slander of title is a tort claim that seeks to obtain special damages for the knowing filing of an invalid lien with the intent to cause the plaintiff injury." *Equity Funding, Inc v Village of Milford*, __ Mich App __, __; __ NW2d __ (2022) (Docket No. 357062); slip op at 5. A slander of title action can exist under the common law or by statute. *Id.* "To prove slander of title under the common law, a claimant must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Id.* (cleaned up). "The elements of a slander of title claim are the same under the statute or the common law." *Id.*; see also MCL 565.108 (defining statutory slander of title). "Litigation costs, including attorney fees, have been held to constitute special damages recoverable in slander of title cases*." B & B Investment Group v Gitler*, 229 Mich App 1, 13-14; 581 NW2d 17 (1998).

The most important element in a claim for slander of title is the requirement that the party acted maliciously.

> The crucial element is malice. A slander of title claimant must show some act of express malice, which implies a desire or intention to injure. Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. A plaintiff may not maintain a slander of title claim if the defendant's claim . . . was asserted in good faith upon probable cause or was prompted by a reasonable belief that the defendant had rights in the real estate in question. [*Wells*

*Fargo Bank v Country Place Condo Ass'n*, 304 Mich App 582, 596; 848 NW2d 425 (2014) (cleaned up).]

In this case, the arbitrator denied Davis's claim for slander of title, stating

> Davis failed to support [this claim] during the arbitration hearings. Lawyer argument is not sufficient to meet the burden of proof.

The trial court also rejected Davis's arguments and affirmed the arbitrator's decision:

> The Court disagrees with Defendant's analysis regarding the slander of title decision. The arbitrator's finding [sic] that Defendant did not support his claims during the hearing. In other words, Defendant failed to meet his burden of proof and as a result, his request was denied. Defendant's request to vacate the slander of title decision and require the arbitrator to provide the legal and factual basis for the claims as required by Scheduling Order #1 and ARB-43 is DENIED.

Davis argues that the arbitrator failed to sufficiently state his factual and legal findings as required by the scheduling order and ARB-43. The September 18, 2020 scheduling order required the arbitrator to

> provide an award in conformance with Rule ARB-43(f). A request of a party was made at the preliminary hearing that the Arbitrator provide a written explanation of the award, including the factual and legal basis thereof. The explanation shall be included in the Award.

Rule ARB-43(f) requires an award to

> be in writing and shall be executed in the manner required by law. The arbitrator shall provide a concise, written breakdown of the award . For Level 2 and Level 3 cases, if requested in writing by any party, or if the arbitrator believes it is appropriate to do so, the arbitrator shall provide a written explanation of the award, including the legal and factual basis thereof. The award of the arbitrator shall not exceed five pages, except in extraordinary cases when the demands of justice require it.

We find that the arbitrator's five-page award complied with the scheduling order and the arbitration rules. The arbitrator provided a detailed factual and legal analysis regarding the validity of Certainty Construction's lien and ordered the lien amount to be amended to $85.14. Although the arbitrator rejected some of Certainty Construction's damage claims, he did not find that it acted with malice in filing its construction lien and simply stated that Davis failed to meet his burden of

proof in this regard. No further findings were required. The trial court was not authorized to review the arbitrator's factual findings or decision on the merits, *Fette*, 310 Mich App at 541, and thus we find that the court did not err in affirming the arbitrator's award on this issue.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford